UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

STANLEY HERMAN,

          Petitioner,          Case No. 1:21-cv-634

v.                                             Honorable Ray Kent

JAMES SCHEIBNER,

          Respondent.
_____/

**ORDER**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court conducted a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases. The Court concluded that Petitioner had failed to timely file his petition, but allowed Petitioner 28 days to show cause why his petition should not be dismissed as untimely. (Op. and Order, ECF Nos. 8, 9.) Petitioner responded on August 30, 2021. (ECF No. 10.)

Petitioner explains why he did not timely file his petition as follows:

Petitioner is not a legal citizen or national of the United States. Following his conviction of first-degree criminal sexual conduct, he was subjected to deportation back to his native homeland of Poland. On September 24, 2013, at the conclusion of a removal proceeding, Immigration Judge, Honorable David H. Paruch order Petitioner be removed from the United States to Poland within a year of the order of removal.

Petitioner, who barely speaks and understands the English language, was told by counsel that he would be deported back to Poland. When the year had passed and gone, Petitioner consistently wrote letters to the Immigration Court, [in]quiring about the status of his deportation. When he did not receive an answer, he diligently pursued the appellate process of his conviction through the only available vehicle of a motion for relief from judgment pursuant to Michigan Court Rule 6.500 et seq., all appellate courts denied.

(Pet'r's Response, ECF No. 10, PageID.58–59.)  According to Petitioner, the deportation result "lulled [him] from proceeding [with] any further action(s) concerning the filing of a habeas corpus petition." (Pet'r's Declaration, ECF No. 3, ECF No. 37.)  Nonetheless, Petitioner insists that he has "diligently pursued his rights." (*Id.*; see also Pet'r's Response, ECF No. 10, PageID.59.)

As explained in the Court's prior opinion, Petitioner filed his motion for relief from judgment on June 22, 2018, almost five years after his judgment became final and far too late for the motion to toll the period of limitation under the habeas statute.  But the one-year limitations period applicable to § 2254 is also subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The doctrine of equitable tolling is to be applied "sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  The Sixth Circuit has echoed that caution in the context of habeas corpus petitions.  *See, e.g., Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017) ("But we must take care to only apply the equitable tolling doctrine 'sparingly.'"); *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) ("We have indicated that equitable tolling should be applied 'sparingly[.]'").  A petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The threat of deportation does not rise to the level of an extraordinary circumstance that prevented Petitioner from filing his habeas petition.  Indeed, even if he were deported, it would not deprive the Court of jurisdiction over his claims or render his claims moot.  *United States v. Garcia-Echaverria*, 374 F.3d 440, 450 (6th Cir. 2004).  Petitioner does not

2

suggest that the immigration court, his immigration counsel, his criminal trial counsel, or his criminal appellate counsel instructed him to abandon pursuing his federal constitutional claims because he might be deported. That was simply Petitioner's choice.

To demonstrate that an extraordinary circumstance prevented Petitioner from making a timely filing, he must show that something beyond his control stopped him. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256–57 ("But in truth, the phrase 'external obstacle' merely reflects our requirement that a litigant seeking tolling show 'that some extraordinary circumstance *stood in his way*.' [*Holland*, 560 U.S.] at 649 (emphasis added; internal quotation marks omitted). This phrasing in *Holland* (and in *Pace* before that) would make little sense if equitable tolling were available when a litigant was responsible for its own delay."). Petitioner prevented himself from making a timely filing; he has not shown any external obstacle to timely filing.

Moreover, Petitioner's conduct cannot be described as diligent. He claims he believed he would be removed by September of 2014. The fallacy of that belief would have been revealed during 2014, but he did not file his motion for relief from judgment until almost four years later. Therefore, Petitioner makes no credible claim that any extraordinary circumstance prevented him from filing his habeas petition and, despite his conclusory statements to the contrary, his conduct cannot be described as diligent.

Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary

circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Similarly, the fact that English is not Petitioner's first language does not suffice. "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense." *Cortez v. Petrovsky,* No. 803CV1482T30MSS, 2006 WL 289113, *1-2 (M.D. Fla. Feb. 7, 2006) (failure to provide Spanish speaking interpreters to non-English speaking inmates in the Florida prisons does not warrant equitable tolling); *see also Fennell v. Artuz,* 14 F.Supp.2d 374, 377 (S.D.N.Y. 1998) (tolling the statute of limitations for prisoners while they learn English and educate themselves in the law, would defeat the limiting purposes of AEDPA); *Nguyen v. Golder,* 133 F. App'x 521, 523-24 (10th Cir. 2005) (lack of Vietnamese translator did not warrant equitable tolling); *Huang v. United States,* Nos. 03 Civ. 3755(RPP), 91 Cr. 827(RPP), 2003 WL 22272584 (S.D.N.Y. Oct. 2, 2003) (lack of Chinese interpreter failed to warrant equitable tolling). Complaining about the lack of interpreters is similar to complaining about an inadequate law library, unfamiliarity with the legal process, lack of representation, or illiteracy. *Hurtado v. Cockrell,* No. 3:02-cv-0778-M, 2002 WL 32438776, *5 (N.D. Tex. 2002).

Accordingly, based on the petition, and now Petitioner's attempt to show cause for the untimeliness of his petition, Petitioner is not entitled to equitable tolling of the statute of limitations. Moreover, as set forth in the Court's prior opinion, Petitioner has not demonstrated actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), to avoid the statute of limitations bar.

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice.

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is more than six years late. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly,

**IT IS ORDERED** that a certificate of appealability is **DENIED**.

A judgment consistent with this order shall issue.

Dated:  September 14, 2021                             /s/ Ray Kent
                                                                           Ray Kent
                                                                           United States Magistrate Judge

5